UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SUSAN REBECCA TELLER, | ) | CASE NO. 1:16 CV 1417 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. ATTORNEY GENERAL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 10, 2016, plaintiff *pro se* Susan Rebecca Teller filed this *in forma pauperis* action against the U.S. Attorney General and the U.S. Attorney for the Northern District of Ohio. Plaintiff alleges she and her family have been stalked by the United States Department of Defense and by persons affiliated with that department. She seeks relief under 18 U.S.C. § 2261A, a federal anti-stalking criminal statute.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Under the Constitution, the Executive Branch of the federal government is responsible

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

for conducting criminal investigations and bringing criminal charges. Federal courts may not interfere in these responsibilities. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ('The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.").

Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Plaintiff lacks standing to commence a federal criminal action. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir.1964); *Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F.Supp. 412, 415 (S.D.Ala.), *aff'd*, 447 F.2d 1304 (5th Cir.1971); *see also, Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (only United States can bring complaint under 18 U.S.C. §§ 241–242).

Further, § 2261A does not provide for a private cause of action or civil remedies. *See Jacobus v. Huerta*, No. 3:12-CV-02032, 2013 WL 673233, at *12 (S.D.W. Va. Feb. 22, 2013) (concluding that there is no private cause of action under 18 U.S.C. § 2261A); *Kruska v. Perverted Justice Found. Inc.*, No. CV 08-0054-PHX-SMM, 2009 WL 321146, at *4 (D. Ariz. Feb. 6, 2009) (stating that "the statute [18 U.S.C. § 2261A] provides no private right of action for a violation"); *Fox v. Tippetts*, No. 2:09 CV 00485, 2009 WL 3790173, at *4 (W.D. La. Nov. 10, 2009)(finding that 18 U.S.C. § 2261A does "not provide for a private right of action").

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*s/ Dan Aaron Polster*   6/16/2016
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE